[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This action is a petition requesting habeas corpus relief from allegedly unlawful imprisonment resulting from a judgment of conviction against the petitioner, after jury trial, for illegal possession of narcotics with intent to sell by a non-drug-dependent person, in violation of General Statutes § 21a-278(b) and conspiracy to so possess, in violation of General Statutes § 53a-48, for which judgment the petitioner received a sentence of fourteen years incarceration on each count, concurrent. On direct appeal from this judgment the first count was affirmed, but the conspiracy count was reversed, [State v. Bush], 33 Conn. App. 253
(1993).
The petitioner contends in his amended petition that his imprisonment is unlawful because his trial attorney, Attorney David Abbamonte, rendered ineffective assistance by failing to explain the state's offer of plea agreement sufficiently; by failing to investigate and present evidence regarding the petitioner's drug dependency at the time of the alleged offenses; by failing adequately to inform the petitioner of his right to testify on his own behalf; by failing to call the petitioner's wife as a defense witness; and by failing to submit evidence of the absence of the petitioner's fingerprints on certain pieces of evidence. At the habeas hearing the petitioner presented no evidence as to the petitioner's wife's availability as a witness nor as to the purported content of her potential testimony. Similarly, the petitioner offered no evidence as to the claimed absence of the petitioner's fingerprints on any items. Nor has the petitioner made argument addressing these contentions. Consequently, the court regards these last two contentions as abandoned.
Our Supreme Court has adopted the two-pronged [Strickland] test CT Page 4520 for evaluating ineffective assistance claims; [Ostolaza v. Warden],26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have keen different. Id.
As to the first prong of the [Strickland] test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, [Johnson v.Commissioner], 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
With respect to the remaining claims, Abbamonte testified at the habeas hearing that after he was appointed to represent the petitioner, who was released on bond before conviction, he discussed the case with his client on several occasions. Abbamonte specifically discussed the non-drug-dependency component of General Statutes § 21a-278(b) with the petitioner and the possibility of raising the issue of the petitioner's drug dependency as part of the defense case. The petitioner expressed his strong opposition to presenting any evidence before the jury which would link the petitioner with narcotics. The petitioner's position was that he had nothing at all to do with the narcotics in question. Following to the petitioner's desire, Abbamonte's theory of defense amounted to a denial of proof of possession of the contraband by the petitioner.
After receiving the state's offer to dispose of the matter upon a guilty plea with a recommended sentence, Abbamonte relayed this offer to the petitioner and discussed the details of it with him. The petitioner wanted no part of the plea agreement and elected, instead, to pursue his right to have his case decided by a jury. Abbamonte testified that it was his custom to explain mandatory jail sentences with every client facing a charge carrying such a sentence including the petitioner.
Both before trial and during trial, Abbamonte discussed with the petitioner whether he ought to testify or exercise his right not to take the stand. Because he felt that the prosecution case CT Page 4521 against the petitioner was weak, Abbamonte recommended to the petitioner that he refrain from testifying and possibly strengthening the state's case. Abbamonte made clear, however, that the decision was the petitioner's to make. The petitioner decided to follow Abbamonte's advice and declined to take the stand.
The petitioner also testified at the habeas hearing. His recollection of these events varied widely from Abbamonte's version. Credibility is for the trier-of-fact to determine. The court finds Abbamonte's testimony on these issues to be consistent and credible. On the other hand, the court finds the petitioner's testimony to be inherently improbable, inconsistent with other credible evidence in the case, and self-serving as to the issues of his discussions with Abbamonte regarding drug-dependency, the plea offer, and the decision to decline to take the stand.
Suffice it to say that having accepted Abbamonte's version as to these matters, the court finds that the petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that Abbamonte's representation of the petitioner was deficient in the ways alleged in the amended complaint.
For these reasons, the petition is dismissed.
Sferrazza, J.